E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7370-GHK (MANx) | | Date | March 21, 2012 |
|---|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re:** Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted; **[27]**

This matter is before the Court on Defendants OneWest Bank, FSB and U.S. Bank, N.A., as Trustee for Master Adjustable Rate Mortgages Trust 2006-OA2's (collectively, "Defendants") Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted ("Motion"). We have considered the arguments in support of and in opposition[1] to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.[2]

---

[1] Plaintiffs' Opposition violates numerous provisions of the Local Rules. First, it exceeds the twenty-five page limitation provided in Local Rule 11-6. Second, it is not double spaced as required by Local Rule 11-3.6. We are particularly troubled by this latter violation because had Plaintiffs' counsel truly double spaced the Opposition, it would have been in further violation of the twenty-five page limitation. We view these transgressions with great disfavor. Because Plaintiffs' counsel has had numerous cases before us in the last year, we strongly caution them that future violations of the Local Rules will not be tolerated, and we will not hesitate to impose appropriate sanctions pursuant to Local Rule 11-9. Moreover, we will refuse to consider any future briefs by counsel that violate any Local Rule, including Local Rules 11-6 and 11-3.6.

[2] In their Reply, Defendants argue – for the first time – that Plaintiffs are judicially estopped from bringing this entire lawsuit because Plaintiffs did not disclose their claims against Defendants in their Chapter 13 Bankruptcy proceeding, which was dismissed on December 13, 2011. Because this argument was raised for the first time in Defendants' Reply, we decline to consider it. *See In re Rains*, 428 F.3d 893, 902 (9th Cir. 2005) (noting that a court need not consider new arguments raised for the first time in a reply brief); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000) (same). Moreover, we find Defendants' briefing of this argument to be insufficient to allow us to determine whether it has any merit.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

## I.   Legal Standard

In order to survive dismissal for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## II.   Background[3]

On September 15, 2006, Plaintiffs Richard and Nancy Montes ("Plaintiffs") executed a Note and a Deed of Trust ("DOT") in the amount of $847,500.00, secured by an interest in real property located at

---

[3] All facts are taken from the First Amended Complaint ("FAC") and various documents attached to Defendants' Request for Judicial Notice ("RJN"). Although review under Rule 12(b)(6) is generally limited to the contents of the complaint, we may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Defendants request that we take judicial notice of various documents, including: (1) a Grant Deed recorded on September 1, 2006; (2) a Deed of Trust recorded on September 21, 2006; (3) a Second Deed of Trust recorded on September 21, 2006; (4) a Notice of Default and Election to Sell Under Deed of Trust recorded on December 3, 2008; (5) a Substitution of Trustee recorded on January 15, 2009; (6) an Assignment of Deed of Trust recorded on January 23, 2009; (7) a Notice of Trustee's Sale recorded on March 5, 2009; (8) an Assignment of Deed of Trust recorded on January 29, 2010; (9) an Assignment of Deed of Trust recorded on February 2, 2010; and (10) an Assignment of Deed of Trust recorded on June 21, 2010. Pursuant to Federal Rule of Evidence 201, we may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Ninth Circuit has held that a district court "may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). Because each of the above-mentioned documents attached to Defendants' RJN is in the public record, we take judicial notice of the filing dates of the documents, which cannot be subject to reasonable dispute. However, we do not take judicial notice of the facts contained in the documents.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

30033 Sagecrest Way, Castaic, CA ("Property").  (FAC ¶ 1).[4]  The DOT names Skyline Financial Corp. ("Skyline") as the lender, Landamerica Lawyers Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary.

On December 3, 2008, a Notice of Default was recorded against the Property, which stated that Plaintiffs were in default for the amount of $29,347.35.  (RJN, Exh. 4).  On January 15, 2009, a Substitution of Trustee was recorded whereby Quality Loan Service Corp. ("Quality Loan") was substituted in as trustee under the DOT.  (RJN, Exh. 5).

On January 23, 2009, an Assignment of Deed of Trust ("First Assignment") was recorded whereby MERS assigned all beneficial interest under the DOT to IndyMac Federal Bank FSB ("IndyMac").  (RJN, Exh. 6).  The First Assignment states that it was effective as of September 5, 2008.  On March 5, 2009, a Notice of Trustee's Sale was recorded against the Property.  (RJN, Exh. 7).

On January 29, 2010, a second Assignment of Deed of Trust ("Second Assignment") was recorded whereby OneWest Bank, FSB ("OneWest") assigned all beneficial interest under the DOT to U.S. Bank, N.A., as Trustee, for Master Adjustable Rate Mortgages Trust 2006-OA2 ("U.S. Bank").[5]  (RJN, Exh. 8).  The Second Assignment also states that it was effective as of September 5, 2008.  On February 2, 2010, a third Assignment of Deed of Trust ("Third Assignment") was recorded whereby IndyMac assigned all beneficial interest under the DOT to U.S. Bank.  (RJN, Exh. 9).  The Third Assignment states that it was effective on January 9, 2010.  On June 21, 2010, a fourth Assignment of Deed of Trust ("Fourth Assignment") was recorded whereby IndyMac transferred all beneficial interest under the DOT to OneWest.  (RJN, Exh. 10).  The Fourth Assignment states that it was effective as of June 14, 2010.

Plaintiffs "do not dispute that they owe money on their mortgage obligation" but "dispute the amount owed and seek the Court's assistance in identifying their true creditor entitled to payment."  (*Id.* ¶ 38).

In their FAC, Plaintiffs have named OneWest and U.S. Bank as Defendants.  Plaintiffs assert the following claims: (1) Declaratory Relief Under 28 U.S.C. §§ 2201, 2202; (2) Negligence; (3) Quasi Contract; (4) Violation of the Fair Debt Collection Practices Act ("FDCPA"); (5) Violation of the Truth in Lending Act ("TILA"); (6) Violation of California Business and Professions Code § 17200, *et seq.*; (7) Accounting; (8) Breach of Contract; (9) Breach of the Implied Covenant of Good Faith and Fair

---

[4] It appears that – also on September 15, 2006 – Plaintiffs took out a second loan on the Property in the amount of $69,500.00.  (*See* Second Deed of Trust, RJN, Exh. 3).  However, Plaintiffs make no allegations related to this second loan in the FAC, and therefore it is not at issue in this case.

[5] As discussed in more detail below, at the time of the Second Assignment, there appears to be nothing in the chain of title showing that OneWest had an interest in Plaintiffs' loan that it could transfer.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

Dealing; and (10) Violation of California Civil Code §§ 2923.5 and 2924.  Plaintiffs assert claims 1-3 and 5-10 against both Defendants.  Plaintiff assert claim 4 solely against U.S. Bank.

In the present Motion, Defendants move under Federal Rule of Procedure 12(b)(6) to dismiss all of the claims against them.

**III.    Discussion**

Plaintiffs base the majority of their claims on the general allegation that neither U.S. Bank nor OneWest has an interest in their loan.  Plaintiffs advance two theories as to why neither Defendant has an interest in their loan.  First, they allege that the Assignments purporting to grant both U.S. Bank and OneWest the beneficial interest in Plaintiffs' loan are invalid.  (Opp'n, Dkt. No. 29, at 18; *see also* FAC ¶¶ 32-35).  In support of this theory, they point to the fact that, on their face, the Assignments recorded in the Los Angeles County Recorder's Office do not evidence a clear chain of title.  For example, the Second Assignment – recorded on January 29, 2010 – purports to transfer the beneficial interest in the DOT from OneWest to U.S. Bank.  However, at the time of this Assignment, there was nothing in the chain of title showing that OneWest had any interest in the DOT to transfer.  Additionally, the Third Assignment – recorded on February 2, 2010 – purports to show that U.S. Bank was again granted the beneficial interest in Plaintiff's loan, this time from IndyMac.  However, this purported Assignment conflicts with the Fourth Assignment – recorded on June 21, 2010 – which purports to show that IndyMac later granted its beneficial interest in Plaintiffs' loan to OneWest.  If the Third Assignment was valid, then seemingly IndyMac did not have an interest in Plaintiffs' loan which it could transfer to OneWest at the time of the Fourth Assignment.  Plaintiffs argue that these inconsistencies have created confusion as to who currently has the beneficial interest in their loan, as it appears that "OneWest and U.S. Bank . . . have competing claims to the beneficial interest in Plaintiffs' Note and Deed of Trust." (Opp'n, Dkt. No. 29, at 8).  Based on these purported competing claims, Plaintiffs allege that they are "now subject to double financial jeopardy," (FAC ¶ 43), and "must seek the Court's assistance to identify their true creditor as they risk not obtaining clear title to their property should they be able to workout [sic] a payment plan or forbearance," (FAC ¶ 42).  Based on the foregoing, which we must accept as true for purposes of deciding this Motion, we conclude that Plaintiffs' allegations regarding the invalidity of the Assignments are plausible and may serve as a basis for Plaintiffs' claims.

Second, Plaintiffs allege that neither Defendant has an interest in their loan because, on an unspecified date, "they attempt[ed] to securitize his [sic] Loan into the Master Adjustable Rate Mortgages Trust 2006-OA2 ('MARM Trust')," but failed to properly do so because they "failed to adhere to the requirements of the Trust Agreement necessary to properly assign the mortgage loan into the Trust." (FAC ¶ 17).  Thus, Plaintiffs allege that the loan "was not assigned to the MARM Trust and is therefore not part of the Trust res," which "renders Defendants third-party strangers to the underlying debt obligation without the power or right to demand payment, declare default, negotiate their Loan, and foreclose on their Property." (*Id.*).

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|----------|------------------------|------|----------------|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

The argument that improper securitization renders a lender's interest in a loan unenforceable has been resoundingly rejected by district courts. *See Bascos v. Fed. Home Loan Mortg. Corp.*, No. CV 11-39680-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose interests in a loan when it is assigned to a trust pool has also been rejected by numerous district courts."). Accordingly, Plaintiffs' allegations that neither U.S. Bank nor OneWest has an interest in their loan because these Defendants may have attempted, but failed, to properly securitize the loan cannot serve as a basis for Plaintiffs' claims.

In sum, based on the inconsistent Assignments recorded in the Los Angeles County Recorder's Office, Plaintiffs have made a plausible claim that either U.S. Bank and/or OneWest does not have an interest in their loan. Because the general allegation on which Plaintiffs base the majority of their claims is plausible, we will examine each of Plaintiffs' claims individually to determine whether they are adequately pled.

### A.    The Tender Rule Does Not Apply

First, Defendants argue that Plaintiffs cannot maintain their claims because Plaintiffs cannot make a good faith tender of the amount owing under the loan. (Mot., Dkt. No. 27, at 13). Although the FAC alleges that "Plaintiffs have offered to and are ready, willing, and able to unconditionally tender their obligation," (FAC ¶ 44), Defendants argue that Plaintiffs cannot actually tender the amount owed under the loan because "they admit they began falling into unforeseen financial hardship, applied for a loan modification but was [sic] subsequently denied because the financial information they submitted did not indicate an ability to properly pay under a modification." (Mot., Dkt. No. 27, at 14 (citing FAC ¶¶ 18-23)).

The tender rule is not absolute and "tender may not be required where it would be inequitable to do so." *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997) (affirming trial court's grant of relief to plaintiff on rescission claim although plaintiff failed to tender). Notably, "if the [plaintiff's] action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt." *Salcido v. Aurora Loan Servs.*, No. CV 11-02032 AHM (FFMx), 2012 WL 123280, *4 (C.D. Cal. Jan. 17, 2012) (quoting *Onofrio*, 55 Cal. App. 4th at 424). Here, as discussed above, Plaintiffs' allegations sufficiently attack the validity of the underlying debt insofar as they claim that the Assignments to U.S. Bank and/or OneWest are invalid. Accordingly, tender is not required under these circumstances. *See Foulkrod v. Wells Fargo Fin. Cal. Inc.*, No. CV 11-732-GHK (AJWx) (C.D. Cal. May 13, 2011) ("[R]equiring plaintiff to tender the amount due on his loan at this time would be illogical and inequitable given that he disputes that Wells Fargo has any rights under the loan." (citing *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997)).

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

### B.   Claim 1: Declaratory Relief

The Declaratory Judgment Act ("DJA") permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. Thus, a litigant seeking relief under the DJA must show there is a real and substantial controversy remediable by specific relief. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937); *see also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) ("[T]he question . . . is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). A DJA claim "brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). "Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (internal quotation marks omitted).

Here, Plaintiffs have shown that there is a real and substantial controversy because, as discussed above, they have made plausible allegations – which we must take to be true – that Defendants do not have an interest in their loan, but nonetheless have collected and continue to attempt to collect loan payments from Plaintiffs. Moreover, declaratory judgment will serve a useful purpose here because it will resolve U.S. Bank and OneWest's purported competing claims to the beneficial interest in Plaintiffs' loan and allow Plaintiffs "the opportunity to identify their true and current creditor/lender and negotiate with them." (FAC ¶ 54). Accordingly, Plaintiffs have sufficiently stated a claim for declaratory relief. Defendants' Motion is **DENIED** insofar as it seeks dismissal of Plaintiffs' declaratory relief claim.

### C.   Claim 2: Negligence

Plaintiffs have not adequately pled their claim for negligence. Plaintiffs' allegations of negligence are so unclear that they do not sufficiently "put [D]efendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

"In order to establish a claim for negligence, a plaintiff must establish four required elements: (1) duty, (2) breach, (3) causation, and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). Here, Plaintiffs allege that "U.S. Bank and OneWest ha[d] a duty to exercise reasonable care and skill to refrain from taking any action against Plaintiffs that they do not have the legal authority to do," (FAC ¶ 60), and that they "breached that duty when they failed to follow the guidelines established in the PSA requiring the transfer of the Note and Deed of Trust into the MARM Trust by the Closing Date," (FAC ¶ 61). These allegations are a non sequitur. Indeed, it is entirely unclear how Defendants could have breached a duty "to refrain from taking any action *against Plaintiffs* that they do not have the legal authority to do" by allegedly failing to follow the guidelines of a Pooling and Servicing Agreement to which Plaintiffs do not allege they are a party. Moreover, even if Plaintiffs were a party to the

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

Pooling and Servicing Agreement, they cannot state a claim for negligence based on Defendants' failure to follow the guidelines of that agreement because "[a] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000). In light of the foregoing, Plaintiffs' negligence claim is **hereby DISMISSED**. In their Opposition, Plaintiffs make a boilerplate request for leave to amend the FAC in the event we dismiss any cause of action. However, with respect to their negligence claim, Plaintiffs make no attempt to identify an understandable legal theory that could be asserted, or to proffer any facts that could be alleged to support a plausible claim for relief, if we were to grant leave to amend. Accordingly, this claim is dismissed **with prejudice**.

### D.    *Claim 3: Quasi Contract*

"California courts . . . permit a party to seek restitution under a variety of theories, including quasi-contract . . . ." *Loiseau v. VISA USA, Inc.*, No. 09-CV-2177-H (JMA), 2010 WL 4542896, at *3 (S.D. Cal. Feb. 10, 2010) (citing *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006)). A defendant is required to make restitution if it "receives a benefit at [the plaintiff's] expense," *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004), and it would be "inequitable for the defendant to retain the benefit without paying for its value," *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 938 (2009).

Plaintiffs allege that Defendants have been unjustly enriched at Plaintiffs' expense because they collected payments under the loan when they had no authority or right to do so. (FAC ¶¶ 64-68). Defendants argue that this claim should be dismissed because "Plaintiffs' allegations are contradictory to the recorded Assignments of Deed of Trust, which clearly demonstrate that [OneWest] and [U.S. Bank] were the beneficiaries at different time periods." (Mot., Dkt. No. 27, at 23). However, as discussed above, the Assignments recorded in the Los Angeles County Recorder's Office are inconsistent and do not evidence a clear chain of title. Therefore, Plaintiffs have plausibly alleged that either U.S. Bank and/or OneWest did not have an interest in Plaintiffs' loan. Accordingly, to the extent Defendants collected payments under the loan when they had no right to do so, Plaintiffs have adequately stated a claim for quasi contract. Defendants' Motion is **DENIED** insofar as it seeks dismissal of Plaintiffs' quasi-contract claim.

### E.    *Claim 4: Violation of the FDCPA*

Plaintiffs allege that U.S. Bank violated 15 U.S.C. § 1692e(2)(A) and § 1692e(5) by "attempt[ing] to collect on the [loan] under false pretenses, namely that they were [sic] assigned Plaintiffs' debt when in fact they [sic] were not." (FAC ¶ 72). Section 1692e(2)(A) states that it is a violation for a debt collector to falsely represent "the character, amount, or legal status of any debt." Section 1692e(5) states that it is a violation for a debt collector to threaten "to take any action that cannot legally be taken or that is not intended to be taken." U.S. Bank moves to dismiss this claim because Plaintiffs have not sufficiently alleged that U.S. Bank is a "debt collector" subject to the FDCPA. *See Izenberg v. ETS Servs.*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008) ("To state a claim

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'" (internal quotation marks omitted)).

The FDCPA defines a "debt collector" as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). However, the FDCPA also states that "the term ['debt collector'] does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation." § 1692a(6)(F).

Here, Plaintiffs allege that "U.S. Bank, acting as the trustee of the MARM Trust, is in the business where the principal purpose is to collect debts on behalf of the investors in the MARM Trust. U.S. Bank attempted to collect Plaintiffs' debt obligation on behalf of the MARM Trust investors and thus is a debt collector pursuant to the [FDCPA]." (FAC ¶ 70). Although Plaintiffs allege that U.S. Bank is in a business "where the principal purpose is to collect debts," the fact that they also allege that U.S. Bank collects these debts in its position "as the trustee of the MARM Trust" demonstrates that U.S. Bank only collects debts pursuant to a "bona fide fiduciary obligation." Thus, Plaintiffs' allegations themselves demonstrate that U.S. Bank is not a "debt collector" under the FDCPA. Accordingly, Plaintiffs cannot state a FDCPA claim against U.S. Bank. Plaintiffs' FDCPA claim is **hereby DISMISSED with prejudice**.

### F.    *Claim 5: Violation of TILA*

Plaintiffs allege that – to the extent U.S. Bank and/or OneWest acquired an interest in Plaintiffs' loan – they violated 15 U.S.C. § 1641(g) of TILA, which provides: "[N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."

Defendants argue that Plaintiffs' TILA claim fails because it is untimely. The statute of limitations for a TILA claim under 15 U.S.C. § 1641(g) is one year. *See* 15 U.S.C. § 1640(e). Plaintiffs do not dispute that they failed to bring their TILA claim within one year. (*See* Opp'n, Dkt. No. 29, at 26). Rather, they argue that they have "sufficiently pled facts to establish that equitable tolling is appropriate under the circumstances." (*See id.* at 26-27 (citing FAC ¶ 99)).

Courts "apply equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011). Here, Plaintiffs have failed to plead any specific facts demonstrating that they could not have discovered the TILA violations by exercising due diligence. Moreover, the judicially noticeable Assignments were recorded in the Los Angeles County Recorder's Office over one year before Plaintiffs initiated this action. Thus, Plaintiffs could have discovered Defendants' alleged TILA violations by simply reviewing all documents that

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

were recorded against the Property. Accordingly, equitable tolling does not apply. Plaintiff's TILA claim is **hereby DISMISSED**. Because Plaintiffs' Opposition does not identify any facts that could be alleged to warrant the application of equitable tolling, this claim is dismissed **with prejudice**.

### G.    Claim 6: Violation of California Business & Professions Code § 17200, et seq.

California's unfair competition law ("UCL") defines "unfair competition . . . [as] any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994). Here, Plaintiffs have adequately stated a UCL claim because they allege that Defendants violated California Penal Code § 532f(a)(4), which provides that "[a] person commits mortgage fraud if, with the intent to defraud, the person . . . [f]iles or causes to be filed with the recorder of any county in connection with a mortgage loan transaction any document the person knows to contain a deliberate misstatement, misrepresentation, or omission." Specifically, Plaintiffs allege that U.S. Bank and OneWest filed or caused to be filed Assignments "with knowledge that the Assignment[s] contained . . . deliberate misstatement[s] and misrepresentation[s] that U.S. Bank and OneWest had been assigned Plaintiffs' Note and Mortgage." (FAC ¶ 111). As noted above, these allegations are plausible given the inconsistencies between the Assignments related to Plaintiffs' loan that have been recorded in the Los Angeles County Recorder's Office. Accordingly, Defendants' Motion is **DENIED** insofar as it seeks dismissal of Plaintiffs' UCL claim.

### H.    Claim 7: Accounting

Plaintiffs have adequately stated a claim for an accounting. In California, a cause of action for an accounting may be maintained when (1) a relationship exists between the plaintiff and defendant that requires an accounting; and (2) some balance is due to the plaintiff that can only be ascertained by an accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 180 (2009) (citing *Brea v. McGlashan*, 3 Cal. App. 2d 454, 460 (1934); 5 Witkin, *California Procedure* § 819 (5th ed. 2008)).

Defendants argue that Plaintiffs' claim for an accounting fails because (1) "no fiduciary relationship exists between Plaintiffs and Defendants"; and (2) "it is actually Plaintiffs who owe Defendants money under the Note" and this amount can be reasonably ascertained because it is stated in the Notice of Default. (Mot., Dkt. No. 27, at 21). Defendants arguments for dismissal are not well taken. First, it is clear that "a fiduciary relationship between the parties is not required to state a cause of action for accounting." *Teselle*, 173 Cal. App. 4th at 179. "The right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender." *Id.* at 179-80.

Second, Plaintiffs allege that U.S. Bank and OneWest "held themselves out to be Plaintiffs' creditor and mortgage servicer" and accepted their "mortgage payments for a period of approximately five years," when they had no actual right to do so. (FAC ¶¶ 135-36). These allegations, accepted as

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

true, establish a relationship that would support an accounting claim.  Plaintiffs further allege that they cannot ascertain the amount of money that Defendants owe them without an accounting, (FAC ¶ 137), thus satisfying the second prong.  Accordingly, Defendants' Motion is **DENIED** insofar as it seeks dismissal of Plaintiffs' accounting claim.

### I. Claim 8: Breach of Contract

Plaintiffs claim "[i]n the alternative, if the Court finds that U.S. Bank and/or OneWest is/are successor(s) in interest to the Deed of Trust . . . , [they] breached the Deed of Trust by improperly crediting and debiting their account."  (FAC ¶ 139).  Specifically, Plaintiffs claim that Defendants breached Section 2 of the DOT, which provides: "Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3.  Such payments shall be applied to each Periodic Payment in the order in which it became due."  (FAC ¶ 144 & Exh. E).

Defendants argue that this claim must be dismissed because "Plaintiffs failed to allege any facts to support th[is] claim."  (Mot., Dkt. No. 27, at 27).  We agree.  Plaintiffs make the generic allegation that Defendants breached the DOT by "failing to apply the payments . . . in the order of priority set forth in Section 2," (FAC ¶ 146), but they do not allege any specific payments that were allegedly misapplied or any facts supporting their conclusory allegation.  Because Plaintiffs' breach of contract claim contains no specific factual allegations whatsoever, we conclude that it fails to "state a claim to relief that is plausible on its face." *Bell Atl.*, 550 U.S. at 570.  The pleading standard of Federal Rule of Civil Procedure 8(a) is not satisfied by "naked assertion[s] devoid of further factual enhancement" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted).  Moreover, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*  Based on the foregoing, we hereby **GRANT** Defendants' Motion as to Plaintiffs' breach of contract claim.  Because Plaintiffs' Opposition does not point to any specific facts that could be alleged to support such a claim if leave to amend were granted, and instead argues only that "[t]hese factual allegations will be further developed through the discovery process," (Opp'n, Dkt. No. 29, at 30), this claim is **hereby DISMISSED with prejudice**.

### J. Claim 9: Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing merely repeats the generic allegation raised in support of Plaintiffs' breach of contract claim: that "Defendants improperly applied mortgage payments."  (FAC ¶ 157).  As noted above, this conclusory allegation fails to state a claim for relief that is plausible on its face.  Accordingly, we hereby **GRANT** Defendants' Motion as to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.  This claim is **hereby DISMISSED with prejudice**.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

**K.**     ***Claim 10: Violation of Civil Code Sections 2923.5 and 2924***

Plaintiffs allege that Defendants violated the foreclosure procedures contained in California Civil Code §§ 2923.5 and 2924.  Neither the FAC nor Plaintiffs' Opposition identifies any specific language in § 2924 with which Defendants failed to comply.  Accordingly, Plaintiffs have not given Defendants fair notice of the basis of their claim for violation of § 2924.  Their claim for violation of § 2924 is **hereby DISMISSED**.  Because Plaintiffs' Opposition does not identify a basis on which they can assert a claim for violation of § 2924 if leave to amend were granted, this claim is dismissed **with prejudice**.

Plaintiffs allege that Defendants violated § 2923.5 by (1) failing "to give proper notice of the Notice of Default and/or Notice of Trustee [sic] Sale," (FAC ¶ 165), and (2) "because the Notice of Default and Notice of Trustee's Sale did not have the required valid Declaration of Due Diligence," (FAC ¶ 166).  Section 2923.5 requires that at least 30 days prior to issuing a notice of default, a mortgagee, beneficiary, or authorized agent must contact the borrower in order to assess the borrower's financial situation and to explore options to avoid foreclosure.  Additionally, it requires that a notice of default "include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, [or] has tried with due diligence to contact the borrower as required by this section."
§ 2923.5.

Section 2923.5, on its face, deals only with the filing of a notice of default and not the filing of a notice of trustee's sale.  Accordingly, Plaintiffs' claim fails to the extent it is based on any actions taken by Defendants in filing the Notice of Trustee's Sale.  Additionally, Plaintiffs fail to set forth any facts to support their conclusory allegations that Defendants violated § 2923.5 with respect to the filing of a notice of default.  Moreover, the Notice of Default that was recorded on December 3, 2008, states: "The Beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.5, or the borrower has surrendered the property to the beneficiary or authorized agent, or is otherwise exempt from the requirements of § 2923.5."  (RJN, Exh. 4).  Plaintiffs have not set forth any facts demonstrating that this statement is false.  Accordingly, we conclude that Plaintiffs have failed to state a claim for relief under § 2923.5.  Plaintiffs' claim for violation of § 2923.5 is **hereby DISMISSED**.  Because Plaintiffs' Opposition does not point to any specific facts that could be alleged to support this claim if leave to amend were granted, this claim is dismissed **with prejudice**.

**IV.     Conclusion**

Defendants' Motion is **GRANTED** in part and **DENIED** in part.  In summary:

(1)     Defendants' Motion is **DENIED** insofar as it seeks dismissal of Plaintiffs' claim for declaratory relief.

(2)     Defendants' Motion is **GRANTED** insofar as it seeks dismissal of Plaintiffs' negligence claim.  Plaintiffs' negligence claim is **hereby DISMISSED with prejudice**.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7370-GHK (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | *Richard G. Montes, et al. v. Skyline Financial Corp., et al.* | | |

(3)   Defendants' Motion is **DENIED** insofar as it seeks dismissal of Plaintiffs' quasi-contract claim.

(4)   Defendants' Motion is **GRANTED** insofar as it seeks dismissal of Plaintiffs' FDCPA claim.  Plaintiffs' FDCPA claim is **hereby DISMISSED with prejudice**.

(5)   Defendants' Motion is **GRANTED** insofar as it seeks dismissal of Plaintiffs' TILA claim.  Plaintiffs' TILA claim is **hereby DISMISSED with prejudice**.

(6)   Defendants' Motion is **DENIED** insofar as it seeks dismissal of Plaintiffs' claim for violation of California Business and Professions Code § 17200, *et seq.*

(7)   Defendants' Motion is **DENIED** insofar as it seeks dismissal of Plaintiffs' claim for an accounting.

(8)   Defendants' Motion is **GRANTED** insofar as it seeks dismissal of Plaintiffs' breach of contract claim.  Plaintiffs' breach of contract claim is **hereby DISMISSED with prejudice**.

(9)   Defendants' Motion is **GRANTED** insofar as it seeks dismissal of Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.  Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is **hereby DISMISSED with prejudice**.

(10)   Defendants' Motion is **GRANTED** insofar as it seeks dismissal of Plaintiffs' claim for violation of California Civil Code §§ 2923.5 and 2924.  Plaintiffs' claim for violation of California Civil Code §§ 2923.5 and 2924 is **hereby DISMISSED with prejudice**.

Defendants **SHALL** respond to the surviving claims in the FAC **within thirty (30) days hereof**.

**IT IS SO ORDERED.**

_____   :   _____

Initials of Deputy Clerk                    Bea